1  William A. Helvestine      (State Bar No. 58755, whelvestine@ crowell.com)
   Joanna L. Allen            (State Bar No. 251876, jallen@crowell.com)
2  Andrew J. Paulson          (State Bar No. 267095, apaulson@crowell.com)
   CROWELL & MORING, LLP
3  275 Battery Street, 23rd Floor
   San Francisco, CA  94111
4  Telephone:    415.986.2800
   Facsimile:    415.986.2827
5
   Attorneys for Defendant COSTCO EMPLOYEE BENEFITS PROGRAM
6

*ORIGINAL FILED*

*SEP 04 2012*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT,*
*NORTHERN DISTRICT OF CALIFORNIA*

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                         CV 12 4609 LB

11  BOARD OF TRUSTEES OF ALAMEDA          Case No. _____
    COUNTY MEDICAL CENTER., a public
12  hospital established by statute,          [State Complaint No. RG 12638881
                                              Filed: July 12, 2012]
13              Plaintiff,
                                          NOTICE OF REMOVAL OF ACTION
14       v.                               UNDER 28 U.S.C.  § 1441(a), (c)

15  COSTCO EMPLOYEE BENEFITS
    PROGRAM; and DOES 1 through 50,
16  inclusive,

17              Defendant.

18

19        **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

20  **NORTHERN DISTRICT OF CALIFORNIA:**

21        Please take notice that Defendant Costco Employee Benefits Program ("Defendant" or

22  "the Plan") hereby removes Case No. **RG 12638881**, *Board of Trustees of Alameda County*

23  *Medical Center v. Costco Employee Benefits Program*, an action from the Superior Court in the

24  State of California for the County of Alameda ("State Court Action"), to the United States

25  District Court for the Northern District of California.  This removal is based on the following

26  grounds:

27

28

1.     On or about July 12, 2012, the above-captioned action was commenced in the Superior Court of California for the County of Alameda by Board of Trustees of Alameda County Medical Center ("Plaintiff") against Defendant entitled *Board of Trustees of Alameda County Medical Center v. Costco Employee Benefits Program*, and assigned Civil Action No. RG12638881.  On August 3, 2012, Defendant was served with copies of the Summons and Complaint in the State Court Action ("Complaint").  True and correct copies of Plaintiff's Summons, Complaint, Notice of Case Assignment, Notice of Case Management Conference and Order, Alternative Dispute Resolution Information Package, and Acknowledgement of Receipt Dated August 3, 2012 are attached as Exhibit A.

2.     The documents attached as Exhibit A constitute all pleadings, process and orders served on Defendant in the State Court Action and are attached in accordance with 28 U.S.C. § 1446(a).

3.     This removal is filed within the time provided by 28 U.S.C. § 1446(b).

## JURISDICTION

4.     Defendant's grounds for removal is based on federal question removal under 28 U.S.C. § 1441(a) and (c) based on complete preemption under ERISA.

## INTRADISTRICT ASSIGNMENT

5.     Assignment to the San Francisco or Oakland Division of this Court is appropriate because Plaintiff filed the action in the Superior Court for the County of Alameda.  Additionally, the events which give rise to Plaintiff's claims occurred in Alameda County.

## GENERAL AVERMENTS IN SUPPORT OF REMOVAL

6.     At all times alleged in the Complaint, Patient A.R. was a participant in an ERISA-governed employee welfare benefit plan sponsored by Costco Wholesale Corporation ("Costco").  Costco Employee Benefits Plan is a self-funded employee welfare benefit plan within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1) and is subject to ERISA § 4(a), 29 U.S.C. § 1003(a) ("ERISA plans").  Aetna Life Insurance Company ("Aetna") contracted with Costco to provide administrative services for the Plan.

7.      Plaintiff obtained an assignment of claims from Patient A.R.

8.      All of Plaintiff's claims are based on whether benefits are owed under the terms of the ERISA plan.

9.      In its Complaint, Plaintiff alleges that it provided services to Patient A.R. pursuant to a purported oral agreement it had with the Plan through its third party administrator, Aetna. *See* Complaint at ¶¶ 12-16. Plaintiff also alleges that the Plan failed to reimburse Plaintiff for the usual and customary value of services provided to Patient A.R. pursuant to purported representations Aetna made to Plaintiff. *Id.* at ¶¶ 23-26. In the alternative, Plaintiff alleges that the Plan failed to reimburse Plaintiff for the services rendered to Patient A.R. in violation of California Health & Safety Code § 1371.4. *See* Complaint at ¶¶ 11, 17-22.

10.     Regardless of any oral communication with Plaintiff, Aetna expressly advised Plaintiff that its authorization of services as being medically necessary for Patient A.R. remained subject to other coverage terms of the ERISA plan, including any exclusions under the plan. Attached hereto as Exhibit 1 to Exhibit B (the Declaration of Lisa Adinolfi (hereinafter the "Adinolfi Declaration")) is a true and correct copy of a July 6, 2010 letter from Aetna to Plaintiff, containing the following language:

> Coverage for this service has been approved subject to the requirements of this letter. . . . The coverage approval is NOT effective and benefits may not be paid if: . . . the approved procedures or services are excluded because of . . . [an] exclusion under the plan.

11.     At all times relevant to the Complaint, Patient A.R.'s entitlement to benefits was subject to the terms of the ERISA plan. Under the express terms of the ERISA plan, the Plan may deny claims for benefits when a participant fails to cooperate with the Plan to provide required information regarding the Plan's subrogation rights. Attached hereto as Exhibit 2 to the Adinolfi Declaration is a true and correct copy of pertinent sections of the Costco Employee Benefits Program Summary Plan Description for Patient A.R. effective January 1, 2009, containing the following language:

> By accepting benefits under the Plan, you agree that the Plan has the rights of subrogation and reimbursement, and you agree to provide information requested by the Plan Administrator to help the

1    Plan enforce these rights. . . . If you do not provide the required
2    information or otherwise fail to cooperate, the Plan will deny
     payments related to the injury, illness or disability.

3        12.    Patient A.R. failed to cooperate with the Plan to provide required information

4    regarding the Plan's subrogation rights. For this reason, the Plan denied Plaintiff's claim for

5    benefits.

6        13.    Despite Plaintiff's attempts to characterize the dispute under state law theories,

7    all of Plaintiffs' causes of action are in fact centered on allegations that Defendant has wrongfully

8    denied claims for benefits allegedly due under the terms of the ERISA plan. Each cause of action

9    seeks payment of benefits allegedly due under the ERISA plan for Patient A.R. and requires the

10   interpretation and enforcement of Plan terms as between the Plan and the participant, Patient A.R.

11   **REMOVAL UNDER 28 U.S.C. § 1441(a) AND (c) – ERISA PREEMPTION**

12       14.    All causes of action in the Complaint are preempted by section 502 of ERISA, 29

13   U.S.C. § 1132(a). ERISA section 502 provides the exclusive remedy available to recover benefits

14   due under an ERISA plan. 29 U.S.C. § 1132(a); *see also Aetna Health Inc. v. Davila*, 542 U.S.

15   200, 209 (2004) ("Any state-law cause of action that duplicates, supplements, or supplants the

16   ERISA civil enforcement remedy conflicts with the clear congressional intent . . . , and is

17   therefore pre-empted."). Plaintiff's claims are completely preempted as they seek state law

18   remedies for the recovery of ERISA benefits in conflict with the exclusive remedies provided in

19   ERISA § 502, 29 U.S.C. § 1132. Because Plaintiff's state law causes of action constitute claims

20   for benefits under ERISA's civil enforcement provisions, they are completely preempted by

21   ERISA, and the causes of action are properly removable under 28 U.S.C. § 1441(a) and (c).

22   *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (causes of action that fall within the scope

23   of the ERISA civil enforcement provision are removable to federal court due to § 502(a)'s

24   "extraordinary pre-emptive power"); *Memorial Hermann Hosp. System v. Aetna Health Inc.*,

25   2011 WL 3703770, at *3 (S.D. Tex. Aug. 23, 2011) ("Courts have held that when the question is

26   the right to payment, as opposed to the rate of payment, ERISA complete preemption is

27   triggered" and removal is proper); *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225-26

28   (9th Cir. 2005) (state law cause of action under California Health & Safety Code § 1371.4 that

sought benefits under ERISA plan was completely preempted and properly removed because any obligation that the health plan had to pay for emergency services was entirely dependent on the beneficiary being enrolled in a qualifying benefit plan).

15.     Plaintiff alleges that its claims arise out of alleged oral and implied contracts.  In fact, Plaintiff's claims arise out of the Plan's denial of coverage for the health care services provided to Patient A.R. under the terms of the ERISA plan.  Plaintiff's causes of action turn on whether the Plan had an obligation to pay Plaintiff for benefits even though Patient A.R. failed to cooperate with the Plan to provide required information regarding the Plan's subrogation rights.  Accordingly, Plaintiff's claims for payment of benefits allegedly owed for services to Patient A.R. are claims for benefits under the ERISA plan.

16.     Patient A.R. assigned its benefits under the Plan to Plaintiff.  Plaintiff therefore has derivative standing to bring these causes of action for payment of benefits under ERISA § 502, and the proper venue for these claims to be adjudicated is federal district court pursuant to the complete preemption provisions of ERISA § 502, 29 U.S.C. § 1132. *See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 401 n.7 (3d Cir. 2004) ("Almost every circuit to have considered the question has held that a health care provider can assert a claim under § 502(a) where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan.").

17.     Plaintiff's claims in this action are properly considered claims for benefits under an ERISA plan, conflict with the exclusive enforcement provisions of ERISA, are completely preempted by ERISA § 502, 29 U.S.C. § 1132(a), and are therefore properly removable. *Melamed v. Blue Cross of California*, CV 11-4540 PSG FFMX, 2011 WL 3585980 (C.D. Cal. Aug. 16, 2011) (state law cause of action under California Health & Safety Code § 1371.4 preempted by ERISA);  *Spring E.R. LLC v. Aetna Life Ins. Co.*, CIV. A. H-09-2001, 2010 WL 598748, at *5 (S.D. Tex. Feb. 17, 2010) (state law cause of action under an implied contract theory was properly removable because the case "would turn on whether Defendant had an obligation to pay Plaintiff under the ERISA plan," noting that obligations arising out of a dispute over the "right of payment" are preempted under ERISA).

## SUPPLEMENTAL JURISDICTION

18.     Insofar as Plaintiff asserts any claims that are not within this Court's jurisdiction, these claims are removable on the basis of this Court's supplemental jurisdiction.  28 U.S.C. § 1441(c); 28 U.S.C. § 1367.

## PROCEDURAL AVERMENTS

19.     As required by section 28 U.S.C. § 1446, Plaintiff will be given notice of the filing of this Notice of Removal, and a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California for the County of Alameda.

20.     This Notice of Removal is accompanied by the required filing fee of $350.

21.     By filing this Notice, Defendant does not waive any defenses.


Dated: September 4, 2012

CROWELL & MORING LLP

Joanna L. Allen
Attorneys for Defendant
COSTCO EMPLOYEE BENEFITS PLAN

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

[stamp, partially illegible]
JUL 12 2012
By Esther Coleman, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO EMPLOYEE BENEFITS PROGRAM; and DOES 1 THROUGH 25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BOARD OF TRUSTEES OF ALAMEDA COUNTY MEDICAL CENTER, a public hospital established by statute

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* RG12638881

SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR COUNTY OF ALAMEDA-UNLIMITED JURISDICTION
1225 Fallon Street - Rene C. Davidson Courthouse
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHRISTOPHER HAPAK, ESQ. (SBN 267212)          (818) 559-4477
STEPHENSON, ACQUISTO & COLEMAN               (818) 559-5484
303 North Glenoaks Boulevard
Burbank, California 91502-3226

DATE: JUL 12 2012                Clerk, by _Esther Coleman_ , Deputy
*(Fecha)* PAT S. SWEETEN        *(Secretario)*           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Costco Employee Benefits Program

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other (specify): Business Organization form unknown
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

COPY

1  STEPHENSON, ACQUISTO & COLMAN
2  MELANIE JOY YOUNG, ESQ.     (SBN 113755)
   BARRY SULLIVAN, ESQ.        (SBN 136571)
3  RICHARD A. LOVICH, ESQ.     (SBN 113472)
   CHRISTOPHER HAPAK, ESQ.     (SBN 267212)
4  303 N. Glenoaks Blvd., Suite 700
5  Burbank, CA 91502

6  Telephone:  (818) 559-4477
7  Facsimile:  (818) 559-5484

8  Attorneys for Plaintiff
9  BOARD OF TRUSTEES OF ALAMEDA COUNTY
   MEDICAL CENTER

10

11             SUPERIOR COURT OF CALIFORNIA

12            FOR THE COUNTY OF ALAMEDA

13              UNLIMITED JURISDICTION

14

15 | BOARD OF TRUSTEES OF | Case No.:  R G 1 2 6 3 8 8 8 1
16 | ALAMEDA COUNTY MEDICAL |
   | CENTER, a public hospital established | COMPLAINT FOR DAMAGES FOR:
17 | by statute, |
18 |                      Plaintiff, | I.    BREACH OF ORAL
   |         vs. |        CONTRACT;
19 |  |
20 | COSTCO EMPLOYEE BENEFITS | 2.    VIOLATION OF CALIFORNIA
   | PROGRAM; and DOES 1 THROUGH |        HEALTH & SAFETY CODE §
21 | 25, INCLUSIVE |        1371.4; AND,
22 |                      Defendants. |
   |  | 3.    COMMON COUNTS –
23 |  |        *QUANTUM MERUIT*
24
25
26
27  ////
28  ////

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 2 2012

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

1 ////

## PARTIES

2

3

4       1.     Plaintiff BOARD OF TRUSTEES OF ALAMEDA COUNTY

5 MEDICAL CENTER ("Alameda County Medical Center") is a public hospital

6 established by statute organized and existing pursuant to the laws of the State of

7 California.  Alameda County Medical Center has its principal place of business in

8 the City of Oakland, County of Alameda, State of California.  Alameda County

9 Medical Center renders medically necessary care to patients.

10

11       2.     Defendant COSTCO EMPLOYEE BENEFITS PROGRAM

12 ("Costco") is an employee benefit plan. Costco has its principal place of business

13 in the city of Issaquah, County of Kings, State of Washington.

14

15       3.     Alameda County Medical Center is unaware of the true names

16 and capacities, whether corporate, associate, individual, partnership or otherwise of

17 defendants Does 1 through 25, inclusive, and therefore sues such defendants by

18 such fictitious names.  Alameda County Medical Center will seek leave of the

19 Court to amend this complaint to allege their true names and capacities when

20 ascertained.

21

22       4.     Costco and Does 1 through 25, inclusive, shall be collectively

23 referred to as "Costco."

24

25       5.     Costco, and each of them, at all relevant times, have transacted

26 business in the State of California.  The violations alleged within this complaint

27 have been and are being carried out in the County of Alameda, State of California.

28

complaint (fc 10139)            - 2 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
ORAL CONTRACT; 2. VIOLATION OF HEALTH &
SAFETY CODE SECTION 1371.4; AND, 3. COMMON
COUNTS – *QUANTUM MERUIT*

6.     At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

7.     At all relevant times and upon information and belief, Costco had entered into a third party administrator agreement with Aetna Life Insurance Company ("Aetna") .  Under the Aetna and Costco administrative services agreement, Aetna was to provide third party administrative services to Costco which included arranging for and authorizing medical care for Costco beneficiaries on behalf of Costco.

8.     At all relevant times, a Patient A.R. (ID  ******5657)[1] ("Patient A.R.") was an individual member of the Costco health plan.

9.     Patient A.R. was presented as an emergency admission at Alameda County Medical Center on July 4, 2010 and was treated at Alameda

---

[1]     In deference to the Patients' privacy concerns enumerated in Cal. Const. art. I, § 1 as well as the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. §§ 1320d *et seq.*), Alameda County Medical Center omitted here information sufficient to reveal the identity of Patient.  Patient' has been identified by initials and the last four digits of the Patient ID number.

complaint (fc 10139)                                          - 3 -      COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
ORAL CONTRACT; 2. VIOLATION OF HEALTH &
SAFETY CODE SECTION 1371.4; AND, 3. COMMON
COUNTS – *QUANTUM MERUIT*

1  County Medical Center continuously through July 12, 2010.  For the duration of

2  Patient A.R.'s stay, Alameda County Medical Center rendered medically necessary

3  care to Patient A.R.

4

5       10.   Alameda County Medical Center timely and properly submitted

6  the billed charges to Costco's third party administrator, for payment by Costco.

7

8       11.   Costco has failed to properly pay Alameda County Medical

9  Center the Discounted Contract Rates for the medically necessary services

10  rendered to Patient A.R., despite demands thereof.

11

12  **FIRST CAUSE OF ACTION**

13  (Breach of Oral Contract)

14  (Against defendants Costco

15  (and/or including Does 1 through 25, inclusive))

16

17       12.   Alameda County Medical Center incorporates by reference and

18  re-alleges paragraphs 1 through 11 here as though set forth in full.

19

20       13.   On or about the time Alameda County Medical Center admitted

21  Patient A.R., Alameda County Medical Center contacted Costco's third party

22  administrator, Aetna, to verify Patient A.R.'s benefit plan eligibility and to confirm

23  that Alameda County Medical Center would be paid for the medical services

24  rendered.  In its respective responses, Aetna orally represented: i) Patient A.R. was

25  an eligible beneficiary; ii) Alameda County Medical Center was authorized to

26  render medically necessary services to Patient A.R. and iii) based on the

27  authorization, Alameda County Medical Center would be reimbursed for the

28  medically necessary services provided to Patient A.R.  Alameda County Medical

complaint (fc 10139)          - 4 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
ORAL CONTRACT; 2. VIOLATION OF HEALTH &
SAFETY CODE SECTION 1371.4; AND, 3. COMMON
COUNTS – *QUANTUM MERUIT*

1   Center promised to provide and did provide medically necessary services to Patient

2   A.R. Based upon such promises Alameda County Medical Center and Costco,

3   through its third party administrator Aetna, entered into an oral contract regarding

4   the rendering of medical care and payment for medical care to be rendered to

5   Patient A.R.

6

7         14.     Alameda County Medical Center has performed all conditions

8   required by it on its part to be performed in accordance with the terms and

9   conditions of the oral contract.

10

11         15.     Costco breached those oral contracts by failing to fully pay

12   Alameda County Medical Center the amount due for the medical care given to

13   Patient A.R.

14

15         16.    As a direct and proximate result of Costco's breach, Alameda

16   County Medical Center suffered damages in the amount of $28,025.00.

17

18

19                  **SECOND CAUSE OF ACTION**

20          (Violation of California Health & Safety Code § 1371.4)

21                (Against defendants Costco

22          (and/or including Does 1 through 25, inclusive))

23

24         17.    Alameda County Medical Center incorporates by reference and

25   re-alleges paragraphs 1 through 11 here as though set forth in full.

26

27         18.    Patient A.R. was admitted to Alameda County Medical Center

28   on July 4, 2010 for emergency services and care. Alameda County Medical Center

1  provided medically necessary emergency services, equipment, and supplies to

2  Patient A.R. from the time of admission through the time the emergency services,

3  equipment and supplies rendered resulted in stabilization.

4

5        19.    Furthermore, at all relevant times, Patient A.R. was a

6  beneficiary of Costco's health plan.

7

8        20.    Costco, through its third party administrator has been properly

9  billed by Alameda County Medical Center for the medically necessary emergency

10  services rendered to Patient A.R.

11

12        21.    Costco has violated the California Health & Safety Code §

13  1371.4 by failing to properly reimburse Alameda County Medical Center for the

14  emergency services, equipment and supplies provided to said patients.

15

16        22.    As a result of Aetna's conduct, Alameda County Medical

17  Center suffered damages in the sum of $56,051.00

18

19              **THIRD CAUSE OF ACTION**

20              (*Quantum Meruit*)

21        (Against defendants Costco

22        (and/or including Does 1 through 25, inclusive))

23

24        23.    Alameda County Medical Center incorporates by reference and

25  re-alleges paragraphs 1 through 11 here as though set forth in full.

26

27        24.    Costco's third party administrator represented that Patient A.R.

28  was an eligible beneficiary under the Costco health plan, and that Alameda County

complaint (fc 10139)                    - 6 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                 ORAL CONTRACT; 2. VIOLATION OF HEALTH &
                                                 SAFETY CODE SECTION 1371.4; AND, 3. COMMON
                                                 COUNTS – *QUANTUM MERUIT*

1   Medical Center was authorized to render medically necessary services, these

2   representations constituted an implicit request for Alameda County Medical Center

3   to treat Patient A.R.  Alameda County Medical Center reasonably relied on these

4   representations and provided medically necessary services, equipment, and

5   supplies to Patient A.R.  Because Alameda County Medical Center provided

6   medically necessary services to Patient A.R., Costco benefited as such care would

7   have otherwise had to have been provided at another facility.

8

9         25.    The aforementioned representations obstructed Alameda

10  County Medical Center from pursuing other avenues of reimbursement before

11  rendering treatment to Patient A.R.

12

13        26.    As a direct and proximate result, Alameda County Medical

14  Center suffered substantial detrimental damages in the sum of $56,051.00  which

15  represents Alameda County Medical Center' usual and customary total billed

16  charges for the medically necessary services provided.

17

18                         **PRAYER FOR RELIEF**

19

20  **WHEREFORE**, Alameda County Medical Center prays for judgment as follows:

21

22  For the First Cause of Action:

23

24        1.     for the principal sum of $28,025.00:

25

26        2.     for interest on such principal sum at the rate of fifteen percent

27  (15%) per annum, pursuant to Cal. Health & Safety Code § 1371;

28

1    For the Second and Third Causes of Action:

2

3        3.      for the principal sum of $56,051.00.

4

5        4.      for interest on such principal sum at the rate of 15% per annum,

6    pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on

7    such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code §

8    3289;

9

10   For All Causes of Action;

11

12       5.      for all costs of suit incurred herein; and,

13

14       6.      for such other and further relief as the Court deems just and

15   proper.

16

17   Dated: 12 July 2012

18

19                               STEPHENSON, ACQUISTO & COLMAN

20

21                               _____

22                               CHRISTOPHER HAPAK
                                 Attorneys for
23                               ALAMEDA COUNTY MEDICAL
                                 CENTER
24

25

26

27

28

complaint (fc 10139)                    - 8 -      COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                   ORAL CONTRACT; 2. VIOLATION OF HEALTH &
                                                   SAFETY CODE SECTION 1371.4; AND, 3. COMMON
                                                   COUNTS – *QUANTUM MERUIT*

STEPHENSON, ACQUISTO &
COLMAN
Attn: Stephenson, Joy Young
303 North Glenoaks Blvd
Suite 700
Burbank, CA  91502-1119

FC 1079

## Superior Court of California, County of Alameda

| | |
|---|---|
| Alameda County Medical Center | No. RG12638881 |
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF CASE MANAGEMENT |
| | CONFERENCE AND ORDER |
| Costco Employee Benefits Pr | Unlimited Jurisdiction |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 11/26/2012 | Department: 514 | Judge: George C. Hernandez, Jr. |
| Time: 02:30 PM | Location: Hayward Hall of Justice | Clerk: Yolanda Estrada |
| | 2nd Floor | Clerk telephone: (510) 690-2723 |
| | 24405 Amador Street, Hayward  CA  94544 | E-mail: |
| | | Dept.514@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax:  (510) 267-1584 |

### ORDERS

1.  You must:
    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b. Give notice of this conference to any party not included in this notice and file proof of service;
    c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d. File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a. Referring to ADR and setting an ADR completion date
    b. Dismissing or severing claims or parties
    c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.
†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/16/2012.

By _____

Deputy Clerk

*Superior Court of California, County of Alameda*

# FILING OF DOCUMENTS IN CIVIL, FAMILY LAW, & PROBATE Effective Friday, October 7, 2011

Pleadings in civil, family law, and probate matters may **ONLY** be filed at the following court locations:

## GENERAL CIVIL
### (Includes *Small Claims* and *Unlawful Detainer*)

- Oakland – René C. Davidson Courthouse
- Hayward – Hayward Hall of Justice

Once assigned to a specific judicial officer, all subsequent pleadings must be filed at the location where the judicial officer is located.

## FAMILY LAW
### (Includes *Dissolution*, *Separation*, *Nullity*, *Paternity*, *Domestic Violence,* and *Civil Harassment*)

- Alameda – George E. McDonald Hall of Justice
- Hayward – Hayward Hall of Justice

Once assigned to a specific judicial officer, all subsequent pleadings must be filed at the location where the judicial officer is located.

## PROBATE
### (Includes *Guardianship* and *Conservatorship*)

- Berkeley – Berkeley Courthouse

**Note:** Pleadings involving the Lanterman-Petris-Short Act (LPS) or the False Claims Act under Government Code § 12650-12656 (including Qui Tam) must be filed at the René C. Davidson Courthouse in Oakland.

Rev. 9/3/2011

## Superior Court of California, County of Alameda



### Notice of Assignment of Judge for All Purposes

Case Number: RG12638881
Case Title:    Alameda County Medical Center VS Costco Employee Benefits Pr
Date of Filing: 07/12/2012

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | George C. Hernandez, Jr. |
| Department: | 514 |
| Address: | Hayward Hall of Justice |
| | 24405 Amador Street |
| | Hayward  CA  94544 |
| Phone Number: | (510) 690-2723 |
| Fax Number: | (510) 267-1584 |
| Email Address: | Dept.514@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(f) effective as of 10/11/2011). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE George C. Hernandez, Jr.
DEPARTMENT 514

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Department 514 by e-mail. The use of e-mail is not a subsitutute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (orparty's attorney if the party is represented) at the same time that you send the e-mail to the Court and you must show that you have done so in your e-mail.

Courtesy copies of all moving, opposition and reply papers should be delivered directly to Department 514 at the Hayward Hall of Justice.

**Schedule for Department 514**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Fridays at 8:30 a.m.

- Case Management Conferences are held:  Mondays and Wednesdays at 2:30 p.m.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

- Settlement Conferences are heard:  Fridays at 2:30 p.m.

- Ex Parte matters are heard:  Tuesdays and Thursdays at 2:30 p.m.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.514@alameda.courts.ca.gov

- Ex Parte Matters
  Email:        Dept.514@alameda.courts.ca.gov

### Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 514
- Phone:  1-866-223-2244

Dated:  07/13/2012

Presiding Judge,
Superior Court of California, County of Alameda

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/16/2012

By

Deputy Clerk



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o  **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o  **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o  **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA  94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                              FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____                    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

▶

_____                    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010]  **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**   Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DEFENDANT)

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 (New January 1, 2010)

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

John C. Sullivan

Received by Hand

Date: _____

Time: _____

# EXHIBIT B

1   William A. Helvestine      (State Bar No. 58755, whelvestine@ crowell.com)
    Joanna L. Allen            (State Bar No. 251876, jallen@crowell.com)
2   Andrew J. Paulson          (State Bar No. 267095, apaulson@crowell.com)
    CROWELL & MORING, LLP
3   275 Battery Street, 23rd Floor
    San Francisco, CA  94111
4   Telephone:    415.986.2800
    Facsimile:    415.986.2827

5
    Attorneys for Defendant COSTCO EMPLOYEE BENEFITS PROGRAM
6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  BOARD OF TRUSTEES OF ALAMEDA          Case No. _____
    COUNTY MEDICAL CENTER., a public
12  hospital established by statute,      [State Complaint No. RG 12638881
                                          Filed: July 12, 2012]
13              Plaintiff,
                                          DECLARATION OF LISA ADINOLFI IN
14        v.                              SUPPORT OF NOTICE OF REMOVAL OF
                                          ACTION UNDER 28 U.S.C.  § 1441(a), (c)
15  COSTCO EMPLOYEE BENEFITS
    PROGRAM; and DOES 1 through 50,
16  inclusive,

17              Defendant.

18

19        I, Lisa Adinolfi, declare as follows:

20        1.      I am a paralegal for Aetna Life Insurance Company.  My job responsibilities include

21  working with in-house counsel on litigation matters involving Aetna Life Insurance Company and its

22  affiliates.  In my capacity as a paralegal, I oversee gathering of plan-related and claims-related materials

23  from Aetna's systems in connection with lawsuits filed against Aetna.  I am also familiar with the

24  means by which providers submit claims to Aetna, the types of records created about those claims and

25  how they are maintained, and Aetna's procedures and processes for adjudicating those claims. Based on

26  my job duties, I have personal, first-hand knowledge of the matters stated herein and, if called upon to

27  do so, I could and would competently testify thereto.

28

SFACTIVE-902837041.1

2.    I performed preliminary research on various claims made by Plaintiffs and retrieved certain plan-related and claims-related documentation submitted by Plaintiffs to Aetna during the time period described in the Complaint.  I describe the results of this research below.

3.    The document attached as Exhibit 1 is a true and correct copy of a July 6, 2010 letter from Aetna to Plaintiff regarding the coverage decision for Patient A.R.  The member-identifying information has been redacted from the letter to protect the privacy of the member.

4.    According to Aetna's records, the patient on whose behalf the claims at issue were submitted was a member of an ERISA-governed employee welfare benefit plan sponsored by the member's employer, Costco Wholesale Corporation.  Attached as Exhibit 2 is a true and correct copy of relevant portions of the Costco Employee Benefits Plan Summary Plan Description, effective January 1, 2009.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 31, 2012.

Lisa Adinolfi

2

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Error! Unknown document property name.

DECLARATION OF LISA ADINOLFI
IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT 1

 **Aetna**

Aetna Life Insurance Company
4400 North West Loop 410
Suite 400
San Antonio, TX 78229

014575 51VCKTR2 019066

ALAMEDA COUNTY MEDICAL CENTER-FAIRMONT CAMPUS
15400 FOOTHILL BLVD.
SAN LEANDRO CA 94578

07/06/2010

Member Name:
Admission Date:            07/04/2010
Date of Birth:
Reference Number:          4479-6535-0000-0000

Employer Name:             COSTCO WHOLESALE CORPORATION
Employer Account Number:   701143-14-814



After review, Aetna has made a decision about coverage for the following health care services for the member named above.

Aetna uses nationally recognized clinical guidelines and resources, such as *Milliman Care Guidelines*, as well as Aetna Clinical Policy Bulletins (available on Aetna's website at http://www.aetna.com/cpb/cpb_menu.html), to support those coverage decisions.

**Coverage Decision For:**
07/04/2010-07/06/2010    3 Day(s) Surgical
Coverage for this service has been approved subject to the requirements in this letter.

We must be notified if the patient's hospital stay continues beyond the days reviewed on this letter.  When the review of the subsequent days is completed, you will be notified of the decision.

**Information About Coverage Approvals:**
The next review date for this confinement will be 07/07/2010.

**Summary of Covered Hospital Days:**
Admission Date:            07/04/2010
Previous Days Covered:     0
Additional Days Covered:   3
Total Days Covered:        3

**Summary of Covered Services:**
Previous Services Covered:  0
Total Services Covered:     0

For the services identified above for which coverage has been approved, all three components of Aetna's coverage approval process have been satisfied:
  • Aetna has verified the member's eligibility for coverage under the plan; and
  • Aetna has verified that the plan provides coverage for the type of services approved (but, Aetna has not verified whether any

ALAMEDA COUNTY MEDICAL CENTER-FAIRMONT CAMPUS, SANNAA228989

applicable dollar limits under the plan have been exhausted, or will soon be exhausted); and
* Aetna has verified the approved services meet medical necessity criteria.

Validity of this coverage approval is subject to all those components being satisfied at the time the approved services are actually provided. This coverage approval is NOT effective and benefits may not be paid if:

1. the member's health condition changes materially before the approved services are provided, so that the approved treatment/services no longer meet medical necessity criteria due solely to the member's materially changed health condition; OR
2. the member is no longer covered at the time the approved treatment/services are actually performed; OR
3. the member has exceeded any applicable benefit maximums under the plan; OR
4. the approved procedures or services are excluded because of a preexisting condition limitation or exclusion under the plan; OR
5. for precertification: (1) the specific dates of the approved services (the "from" and "through" dates identified in this letter) have passed or (2) for elective services, the approved services have not been provided within six months from the date of this letter; OR
6. Aetna discovers that there was a material misrepresentation or omission of clinical information about the member at the time of the coverage approval or that there was fraud with respect to the approved services; OR
7. the member's plan no longer includes coverage for the approved treatment/services; plan benefit changes typically occur on the plan anniversary date. Members should refer to the plan document to determine exclusions and limitations under the plan.

Please notify Aetna if the circumstances regarding the approved services change, or if any additional services are needed beyond those approved. Reimbursement will be based on Aetna's standard coding and bundling logic and any mutually agreed upon contracted or negotiated rates, subject to any and all copays or coinsurance requirements. If the actual procedure/service differs from the information received, or the circumstances change, we will review the claim when it is submitted.

**We Protect Your Privacy:**
Protecting the privacy of member health information is a top priority at Aetna. When contacting us about this Notice or for help with other questions, please be prepared to provide the member's name, member ID number, and date of birth.

**Patient Safety Information:**
To learn more about patient safety and hospitals, please log on to The Leapfrog Group's web site at http://www.leapfroggroup.org/. This site will give you information on hospitals that have met specific safety standards. For Aetna participating hospitals, this information is also available on Aetna's DocFind web site at http://www.aetna.com/docfind/.

We hope this information has answered your coverage questions. Member Services representatives are available to help health care professionals and members with any questions about eligibility, plan benefits, claims and coverage decisions. If you have additional questions or if you would like to request copies of documents related to the coverage decision, call the toll-free Member Services number on your member ID card.

Aetna

A copy of this letter is also being sent to:

ALAMEDA COUNTY MEDICAL CENTER-FAIRMONT CAMPUS, SANNAA228989
Page 2 of 2

# EXHIBIT 2



Costco Employee Benefits Program

Summary Plan Description

# PLAN'S RIGHTS TO RECOVERY

Payment is made for claims based upon your representations and those of your covered family members and/or providers concerning the services tendered and is contingent upon benefits being covered under the terms of the Plan.

By accepting benefits, you and your covered family members agree:
- to promptly refund to the Plan any amount that exceeds the amount covered by the Plan or any amount that is subject to the plan's subrogation or reimbursement rights, discussed in the following section,
- that the Plan may reduce or deny coverage of your claims or the claims of your covered family members as a way of obtaining reimbursement, even if any such claims do not relate to the overpayment, and
- to reimburse the Plan in full for any benefits from the Plan to which the individual is later found not to be entitled.

The Plan may also recover interest on the amounts paid by the Plan from the time of the payment until the time the Plan is reimbursed.

Furthermore, whenever any benefit payments which should have been made under the Plan have been made by another party, the Plan will be authorized to pay such benefits to the other party. Any payment made by the Plan in accordance with this provision will fully release the Plan of any liability to you. An Employee who receives benefits from the Plan to which he or she is later found not to be entitled will be required to reimburse the Plan in full.

## PLAN'S SUBROGATION, EQUITABLE LIEN, AND REIMBURSEMENT RIGHTS

If someone else (a "third party") is responsible for paying the expense of any Injury, Illness or disability covered by the Plan, the Plan has the right to take your place in recovering payments directly from the third party. The Plan's right to do this is called its *right of subrogation*.

In addition, if a third party pays you for expenses that were covered by the Plan, you must reimburse the Plan for the expenses that were already paid by the Plan. This is called the Plan's *right to reimbursement*.

For instance, if you are injured in an automobile accident, the Plan is entitled to both subrogation and reimbursement as follows:
- If your insurance company or the other driver's insurance company is responsible for making a payment to you because of the accident, the Plan has the right to demand that the insurance company pay the Plan directly first for the expenses covered by the Plan, before you get any excess amount.
- If you make a claim or file a lawsuit against the other driver and get any kind of recovery, the Plan again has the right to be paid first, even if you don't agree it should. If you obtain any kind of payment before the Plan gets its share, you must reimburse the Plan immediately.

Under its rights of subrogation, the Plan may make a claim or file a lawsuit for you, or act in your behalf in any claim or legal proceeding, and would be entitled to reimbursement for court costs, expenses, and attorneys fees, in addition to the covered medical expenses.

The Plan's rights to subrogation and reimbursement also constitute an "equitable lien" against any payments by a third party made or payable to you, your covered dependents, or anyone acting on your behalf, now or in the future, regardless of how the payments are characterized.  The Plan's right to do this is called its right to impose an equitable lien or constructive trust.

**How the Plan may enforce its rights.** In order to enforce these rights, the Plan may:

- refuse to pay claims that the Plan believes to be the responsibility of a third party,
- if it has paid claims that are later determined to be the responsibility of a third party, reduce or deny coverage of your claims or the claims of your family members as a way of obtaining reimbursement, even if any such claims do not relate to the third party's liability, and
- recover interest on the amounts paid by the Plan from the time of the payment until the time the Plan is reimbursed.

**Plan's rights to third party payments.** The Plan has the first right to be reimbursed from any amounts that you receive from a third party relating to the Injury, Illness or disability — even if the payments are not designated as payment for medical or disability expenses. This includes the following payments:

- Any judgment, settlement, or other payment relating to the Illness, Injury or disability, from whatever source.
- Any payment made by your insurance or a third party's insurance, including vehicle insurance, no-fault automobile insurance, uninsured or under insured motorist coverage, business insurance, homeowner's insurance, personal umbrella insurance, or any other type of insurance or insurance-type coverage.
- Payments designated as medical benefits, as disability payments, as compensation for pain and suffering, as attorneys fees, or as other specified or general damages.
- Any partial payment made for any reason, even if you are not "made whole." This means that the Plan has the right to be repaid in full first, even if you do not expect to receive full compensation for your damages from the third party.

**Your notification and cooperation required.** By accepting benefits under the Plan, you agree that the Plan has the rights of subrogation and reimbursement, and you agree to provide information requested by the Plan Administrator to help the Plan enforce these rights.

You must notify the Plan Administrator within 45 days of the date that you have an Injury, Illness or disability that might be the responsibility of a third party and when you or your attorney gives notice to any third party that you intend to investigate or pursue a claim to recover damages.

In addition, the Plan Administrator may require that as a condition of receiving further benefits under the plan, you or your covered Spouse or other family members, as well as any Authorized Representative for you or your covered Spouse or other family members, sign a subrogation and reimbursement contract within 45 days of request by the Plan Administrator.

This subrogation and reimbursement contract may, at the Plan Administrator's election:

- incorporate any or all of the rules of the Plan regarding the Plan's rights to subrogation, reimbursement, and recovery of third party payments, and
- may contain any terms necessary or appropriate to ensure that the contract will be enforceable in state or federal court, at the plan's election.

If you do not provide the required information or otherwise fail to cooperate, the Plan will deny payments related to the Injury, Illness, or disability.

**More about subrogation and reimbursement.** The plan's subrogation and reimbursement rights also apply to your covered Spouse and other family members and to your (or their) estates or heirs in the event of death. In addition:

- The Plan is not required to pay any fees to the attorney you hire to pursue your claim or to reduce the plan's recovery by any portion of your attorney's fees.
- If you have received partial third party reimbursement before the Plan pays benefits, the benefits paid by the Plan will be limited to Covered Expenses in excess of the reimbursement you received.

- The Plan's subrogation and reimbursement rights apply even if the Plan has not yet paid for Covered Expenses. In that case, the amount received from the third party would be used to pay Covered Expenses.
- The plan's rights of subrogation and reimbursement are not affected in any way by claims that you must be made whole, or that a "common fund" or any other apportionment doctrine applies under any statute or common law.
- The Plan is deemed to have an equitable lien right upon any and all funds from which it must be paid under these subrogation and reimbursement provisions.

By accepting Plan benefits, you agree to these conditions and covenant not to raise any such claims in any action by the Plan to enforce its reimbursement or recovery rights.

## FACILITY OF PAYMENT

Any payment made under another plan may include an amount which should have been paid under the Costco Plan. If so, the Costco Plan may pay that amount to the organization which made the payment. That amount will then be treated as though it were a benefit paid under the Costco Plan. The Plan will not have to pay that amount again. The term "payment made" means reasonable cash value of the benefits provided in the form of services.