UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF ALAMEDA COUNTY MEDICAL CENTER,<br><br>               Plaintiff,<br>    v.<br>COSTCO EMPLOYEE BENEFITS PROGRAM,<br><br>               Defendant.<br>_____/ | No. C 12-04609 LB<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION FOR CLARIFICATION AND (2) VACATING THE COURT'S DECEMBER 12, 2012 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND REMANDING THE ACTION TO ALAMEDA COUNTY SUPERIOR COURT**<br><br>[Re: ECF Nos. 5, 13] |

    Plaintiff Board of Trustees of Alameda County Medical Center ("ACMC") sued Costco Employee Benefits Program (the "Plan") in Alameda County Superior Court for (1) breach of oral contract, (2) violation of California Health & Safety Code § 1371.4, and (3) quantum meruit. Complaint, ECF No. 1, Ex. A. The Plan removed the action to federal court on the basis that ACMC's claims are "completely preempted" by § 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). Notice of Removal, ECF No. 1 at 1, ¶ 4. The Plan moved to dismiss ACMC's claims because the Plan believed that the claims are "conflict preempted" under ERISA § 514(a), 29 U.S.C. § 1144(a).

    On December 12, 2012, the court issued an order granting in part and denying in part the Plan's motion to dismiss and remanding the action to Alameda County Superior Court. 12/12/2012 Order,

ECF No. 11. In the order, the court dismissed with prejudice ACMC's § 1371.4 claim because ACMC conceded at the December 6, 2012 hearing that the Plan's arguments in its motion were correct regarding that claim. The court also found, however, that ACMC's breach of contract and quantum meruit claims are not completely preempted under ERISA § 502(a), and remanded this action to Alameda County Superior Court. 12/12/2012 Order, ECF No. 11.

Two days later, the Plan filed a motion asking the court to clarify if it meant to remand the action, given that ACMC conceded at oral argument that the Plan's arguments regarding ACMC's § 1371.4 claim carried the day (and thus removal was proper because that claim is completely preempted). Motion for Clarification, ECF No. 13 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 102, 1065 (9th Cir. 1979)). Upon review of the motion, the court **GRANTS** the motion and **VACATES** its prior December 12, 2012 order. The court will issue an amended order granting in part and denying in part the Plan's motion to dismiss that, rather than remanding the action, declines to exercise supplemental jurisdiction over ACMC's breach of contract and quantum meruit claims and dismisses them without prejudice.

**IT IS SO ORDERED.**

Dated: December 19, 2012

_____
LAUREL BEELER
United States Magistrate Judge